José Carrio López, Plaintiff and Appellant, *v.* Compañía Insular de Transporte, Inc., Defendant and Appellee.

No. 6519. Argued March 20, 1935.—Decided November 12, 1935.

*Angel M. Villamil* for appellant. *Juan B. Soto* and *Juan F. Soto* for appellees.

Mr. Justice Aldrey delivered the opinion of the court.

José Carrio López brought an action against Compañía Insular de Transporte to recover a certain sum of money as

damages for injuries sustained in an automobile collision. After a trial, judgment was rendered for the defendant and the plaintiff thereupon took the present appeal.

The ground on which appellant requests the reversal of said judgment is that the decision is contrary to the law and the facts.

At kilometer 5, hectometer 3, of the public road leading from San Juan to Guaynabo there is a curve which turns to the right. Then follows a straight stretch of road towards Guaynabo. The road at that place is 16 feet and 10 inches wide. In the afternoon of October 17, 1931, plaintiff was coming along said road towards San Juan with three other persons in a Hupmobile automobile driven by its owner, Pedro J. Vélez. There was a collision between said automobile and a Mack truck coming in the opposite direction and plaintiff was injured as a result of the accident.

According to the testimony of plaintiff and his witnesses, the Hupmobile automobile was traveling at a speed of about 40 or 45 kilometers per hour, but reduced said speed to 25 or 30 kilometers on reaching said curve when the driver saw a truck blocking his way. He attempted to stop by applying the brakes, but the collision with the truck could not be avoided. According to these witnesses, at that place two trucks were traveling in the opposite direction of the Hupmobile; one a Federal truck which was traveling on its right and the other a Mack truck which was trying to pass to the left of the Federal truck. These witnesses also testified that the collision occurred on a curve at kilometer 5 hectometer 3. This fact is admitted by the driver of the Mack truck of defendant, for he testified that a Federal truck was traveling in front of him going towards Guaynabo; that at a distance of about 300 feet from a curve he signaled to pass and the Federal truck swerved to the right to permit him to pass; that believing that he could pass he moved up from behind the Federal truck; and that when he came up on the left side of the other truck the car in which plaintiff was traveling

appeared suddenly; that he stopped the Mack truck to get behind the Federal truck, but at that moment the collision occurred. The other witnesses for defendant testified in similar terms. In the photographs taken on the day following the accident and which were admitted without objection at the trial, the automobile can be seen standing on the right-hand side of the curve at a distance of about 126 feet from the place where the curve begins, according to the record of the ocular inspection or the view made by the court. The court, in its findings, states that the trucks were rounding a curve.

From the evidence as a whole it must necessarily be concluded that the collision occurred in the curve when the Mack truck was attempting to pass the Federal truck.

The remaining portion of the evidence refers to the speed at which the automobile was traveling when reaching the curve, the witnesses for plaintiff testifying that it was going at a moderate speed, while those for defendant stating that it was traveling at an excessive speed. On the day of the occurrence a corporal of the Insular Police went to the place of the accident, measured a rubber track left by the tire of a car on the road, and found that it extended for 250 feet from its inception to where the automobile was standing. The court also found that at a distance of 250 feet from the place of the accident, an automobile on the road could not be seen, but could be seen at a distance of 200 feet.

Subdivision (a) of section 12 of Act No. 75 of 1916, to regulate the operation of motor vehicles in Puerto Rico, provides that persons operating motor vehicles on the public highway shall at all times exercise due care and take every reasonable precaution to insure the safety of persons and property.

The act of defendant's chauffeur in attempting to pass another vehicle at a curve on a narrow highway such as the Guaynabo Road thus occupying a portion of the road on the left-hand side of the truck ahead without being able to see

by reason of the curve whether another vehicle was coming in the opposite direction and thus blocking the way to any coming vehicle, constitutes a lack of due care and reasonable precaution that he ought to have exercised in order to avoid an accident with another vehicle coming in the opposite direction and he, therefore, violated said section. In the case of People v. Alvarez, 37 P.R.R. 540, we said that a person proceeds without due care in driving on the left side of the road, especially in rounding a curve. And in Torres v. Díaz, 45 P.R.R. 16, we declared that the driver of a vehicle approaching another and signaling to pass must not do so until he can pass without danger. In Babbitt's "Motor Vehicle Law," 4th ed., p. 417, it is said: "Every experienced driver knows of the dangers involved in passing another vehicle going in the same direction, especially in the usual case where the leading vehicle is not way over to the right of the road. On a narrow road it is a proceeding to be undertaken with all caution, never on a turn where the view is obstructed."

██ The question of whether the car reached the place of the collision at the curve while going at great or excessive speed, is of secondary importance because if the Mack truck had not obstructed its way by attempting to pass the truck which was traveling in front, the accident would not have occurred in spite of the speed attributed to the car. The driver of the latter had a right to assume that the road was not so obstructed. "Since one has a right to assume that all motorists will obey the law of the road, he is not bound to watch or look out for other cars traveling on the wrong side of the road, or leaving their proper side of the road and going on the wrong side, or making wrong turns, at least where there is no intervening obstacle or cause to lead a person in the exercise of reasonable care to anticipate that such a course will be pursued." Huddy, Cyclopedia of Automobile Laws, 9th ed., vol. 3-4, p. 87. The conduct of the driver of defendant's truck was the cause of the accident. "When a motor vehicle is approaching or rounding a corner

or curve there is a special necessity for keeping to the right-hand side of the road and the driver has not the right to drive on the left-hand relying upon having time to turn to the right if a car approaching from the opposite direction comes into view." 42 C. J. 906. "The overtaking driver is under a duty to anticipate the possibility, if not probability, of the presence of approaching cars from the other direction, which duty charges him with a degree of care commensurate with the increased risk incident to his turn to the left to pass." 2 Blashfield, Cyclopedia of Automobile Law and Practice, p. 103.

Even though the driver of the Hupmobile car had been negligent, his negligence could not be imputed to appellant, as we held in the case of *Domínguez* v. *P. R. Ry. Light & Power Co.*, 19 P.R.R. 1034.

It follows from all the foregoing that defendant is liable for the damages caused to plaintiff by reason of its conduct.

The appellant, José Carrio López, at the time of the accident was a young man 22 years old, a high school student, and a member of a baseball team. In the collision to which we have referred he lost the sight of an eye, received cuts on the eyelids and on the face, and had to pay doctors and clinic. It seems to us that an award of $3,000 as damages is just and reasonable.

The judgment appealed from must be reversed, granting damages and costs to plaintiff.